CHANDLER, J.,
for the Court.
¶ 1. Shirley Volmer executed a will on February 19, 1999. This will contained a life estate provision allowing her daughter, Eleanor Patterson, exclusive personal use of Shirley’s house. Shirley’s son, Joseph Volmer, claims that Eleanor has violated the provisions of the life estate by allowing her daughter, Meghan, to live in the home with her. Joseph has also demanded that Meghan pay rent to the estate. The De-Soto County Chancery Court granted Joseph’s request for a jury trial as to these issues. At the time the notice of appeal was filed, the trial had not been conducted. Joseph appeals, raising the following issues: ■
I. WHETHER THE CHANCELLOR ERRED IN REFUSING TO FOLLOW THE PROVISIONS OF.THE WILL
II. WHETHER THE CHANCELLOR ERRED IN DENYING JOSEPH’S MOTION TO REMOVE ELEANOR PATTERSON FROM THE HOME OF SHIRLEY VOLMER
III. WHETHER THE TRIAL COURT ERRED IN REFUSING TO AWARD JOSEPH RENTAL INCOME PV WHETHER THE CHANCELLOR ERRED IN FAILING TO MAKE WRITTEN FINDINGS OF FACT AND CONCLUSIONS OF LAW FOLLOWING THE DENIAL OF VARIOUS MOTIONS FILED BY JOSEPH
¶ 2. Finding that the appeal was filed prematurely, we dismiss without prejudice.
FACTS
¶ 3, On February 19, 1999, Shirley Vol-mer executed a will. Prior to the execution of the- will, - Shirley’s daughter, Eleo-nor Patterson, and Eleanor’s daughter, Meghan, moved into Shirley’s home for the purpose of assisting Shirley .with her daily activities. Meghan has been diagnosed with bipolar disorder and was a beneficiary in Shirley’s will. Eleanor and Meghan continue to live in Shirley’s home.
¶ 4. Shirley directed her son, Joseph, to serve as the executor of her will. She also granted a life estate of her house to her *1280 daughter, Eleanor Patterson. The life estate provision was to remain valid so long as Eleanor used the property as her exclusive personal dwelling and did not rent the property or any part of the property to anyone. In the event that the provision was violated, the home would be liquidated and the proceeds would be split equally among Shirley’s children. According to Kevin O’Brien, the attorney who drafted the will, Shirley included the provisions of the life estate because she did not want Meghan living in her home.
¶ 5. After Shirley executed the will, she was subsequently diagnosed with pancreatic cancer. On June 18, 1999, while she was a patient at Baptist DeSoto Hospital, Shirley executed a second will. The sole change was to eliminate the provision leaving a life estate in her home to her daughter. She rescinded the life estate in favor of selling the home and disbursing the proceeds to all three of her children. Shirley passed away on July 20,1999.
¶ 6. On August 16, 1999, Joseph probated the second will. On September 9, 1999, Shirley’s two other children, Eleanor Patterson and John Volmer, filed a petition contesting the will on the grounds of undue influence and lack of testamentary capacity. Included in the petition was a request to allow Eleanor and Meghan to remain in the house until the matter was resolved on the merits. On September 27, 1999, the chancellor entered an order allowing Eleanor and Meghan Patterson to continue living in Shirley’s home until further order of the court. The issue of whether the occupants owed any rent would be reserved until a final hearing was held.
¶ 7. On February 27, 2001, the DeSoto County Chancery Court held a trial regarding the will contest. The chancellor ruled that Shirley had no independent action in the preparation of the June 18,1999 will and found the will to be “the derivative product of an overbearing son determined for events to be as he desired them.” The chancellor further found that “the presence of undue influence by Mr. Volmer toward[s] his mother taints the validity of the will and requires the Court to invalidate same and accordingly set it aside.” Joseph probated the will from February 19,1999.
¶ 8. On February 2, 2003, Joseph filed a motion to collect rent from Meghan and to remove Meghan and Eleanor from Shirley’s home. Joseph claimed that Eleanor violated the provisions of the life estate by allowing Meghan to live with her. Joseph also demanded that Eleanor and Meghan pay rent to the estate. Joseph requested a jury trial, which the chancellor granted. Joseph filed his notice of appeal prior to the trial.
ANALYSIS
I. WHETHER THE CHANCELLOR ERRED IN REFUSING TO FOLLOW THE PROVISIONS OF THE WILL
II. WHETHER THE CHANCELLOR ERRED IN DENYING JOSEPH’S MOTION TO REMOVE ELEANOR PATTERSON FROM THE HOME OF SHIRLEY VOLMER
III. WHETHER THE TRIAL COURT ERRED IN REFUSING TO AWARD JOSEPH RENTAL INCOME
¶ 9. An appeal is not a matter of right but is subject to statutory provisions. Bradley v. Holmes, 242 Miss. 247, 252, 134 So.2d 494, 495 (1961). Only final judgments are subject to appeal. M.R.C.P. 54(a). The Mississippi Supreme Court has defined a final judgment as “a judgment adjudicating the merits of the controversy which settles all issues as to all the parties.” Banks v. City Finance Co., 825 So.2d 642, 645(¶ 9) (Miss.2002) (citing San *1281 ford v. Board of Supervisors, 421 So.2d 488, 490-91 (Miss.1982); Cotton v. Veterans Cab Co., Inc., 344 So.2d 730, 731(Miss.1977); Hindman v. Bridges, 185 So.2d 922, 923 (Miss.1966)). The chancellor’s temporary order from September 27, 1999, was not a final- judgment. Therefore, this Court does not have jurisdiction to hear Joseph’s appeal with respect to his petition to evict Eleanor and Meghan and his petition to collect rent.
IV. WHETHER THE CHANCELLOR ERRED IN FAILING TO MAKE WRITTEN FINDINGS OF FACT AND CONCLUSIONS OF LAW FOLLOWING THE DENIAL OF VARI-' OUS MOTIONS FILED BY JOSEPH
¶ 10. Joseph has filed numerous motions and petitions relating to the probate of his mother’s estate. The chancellor adjudicated these motions in an order dated March 8, 2004. After Joseph filed his notice of appeal, he made a request for written findings of fact and conclusions of law. The chancellor did not respond to this request. ,
¶ 11. Joseph' made -a request for findings of fact with regards to his petition to order the chancellor to follow the provisions--of the will, to remove Eleanor and Meghan from Shirley’s home, and to collect rent. These issues are to be. decided in the jury trial. Questions Of fact in a jury trial are decided by the jury, not the judge. Wertz v. Ingalls Shipbuilding, Inc., 790 So.2d 841, 847(¶ 17) (Miss.Ct.App.2001). This issue is without merit.
¶ 12. THE APPEAL FROM THE DE-SOTO COUNTY CHANCERY COURT IS DISMISSED WITHOUT PREJUDICE. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., BRIDGES, IRVING, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.