MYERS, J.,
for the Court:
¶ 1. David and Patricia Lowe brought a complaint to quiet title to certain real property in Madison County, Mississippi. Named as defendants were Barbara Jackson, who had previously owned the property but lost it in a tax sale, and Cleotha and Greta Lindsey, who purchased the property after the tax sale and sold it to the Lowes.[1] The complaint also sought monetary damages from Jackson and the Lind-seys.
¶ 2. After the case had proceeded for some time, the Lowes brought a motion for summary judgment. They contended that Jackson had failed to answer their requests for admissions within the thirty days allowed by Rule 36 of the Mississippi Rules of Civil Procedure. They further argued that once those alleged facts were deemed admitted, no genuine issue of material fact remained in the suit. The Lind-seys did not contest the Lowes’ ownership of the property.
¶ 3. At the summary judgment hearing, Jackson’s attorney admitted she had not answered the Lowes’ request for admissions. He contended, however, that Jackson should not be penalized because the Lowes had not cooperated with her attempts to schedule depositions. The chancellor, unimpressed with this argument, deemed the proposed admissions to be ad *881 mitted by Jackson and granted summary judgment to the Lowes on the issue of ownership of the property. The Lowes also asserted that the admissions established that Jackson was liable for $500,000 in monetary damages stemming from various intentional torts, including slander of title and intentional infliction of emotional distress. Jackson never moved to withdraw or amend the admissions concerning monetary damages. Nonetheless, the chancellor refused to grant summary judgment to the Lowes on these issues, against either Jackson or the Lindseys. The chancellor then entered a “final judgment” that did not address whether the Lowes were entitled to damages.
¶4. Jackson appeals from that judgment. She appears pro se, and her contentions on appeal cannot be easily summarized. The Lowes cross-appeal, arguing they should have been awarded monetary damages against Jackson and the Lindseys. We find that because the chancery court’s judgment did not dispose of all of the issues in the case, its judgment was not a true final judgment. An incomplete judgment is interlocutory, and this Court must dismiss the appeal for lack of jurisdiction.
DISCUSSION
¶ 5. Because this issue is jurisdictional, we must address it on our initiative even though none of the parties have raised it on appeal. M.W.F. v. D.D.F., 926 So.2d 897, 899 (¶ 4) (Miss.2006).
¶ 6. “Generally, only final judgments are appealable.” Id. Rule 540b) of the Mississippi Rules of Civil Procedure provides:
When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
There was no Rule 54(b) certification in this case, nor would one have been appropriate. See Cox v. Howard, Weil, Labouisse, Friedrichs, Inc., 512 So.2d 897, 899-901 (Miss.1987) (“The rule was adopted to avoid injustice, not to overturn the settle[d] rule against piecemeal appeals .... When there is a judgment dismissing one count of a complaint or counterclaim, a Rule 54(b) finality should never even be considered by the trial court unless the remainder of the case is going to be inordinately delayed, and it would be especially inequitable to require a party to wait until the entire case is tried before permitting him to appeal.”)
¶ 7. ‘Without the entry of a Rule 54(b) certificate, a trial court order which disposes of less than all of the claims against all of the parties in a multiple party or multiple claim action, is interlocutory.” M.W.F., 926 So.2d at 900 (¶4). This is true “even if it appears to adjudicate a separable portion of the controversy.” M.R.C.P. 54(b) cmt. An interlocutory order without a Rule 54 certification is only appealable if the Mississippi Supreme Court grants permission under Rule 5 of the Mississippi Rules of Appel *882 late Procedure; this Court has no jurisdiction to hear it otherwise. Lloyd G. Oliphant & Sons Paint Co. v. Logan, 12 So.3d 614, 617 (¶ 9) (Miss.Ct.App.2009).
¶ 8. Here, the chancellor denied the Lowes’ motion for summary judgment on the claims for monetary damages. That decision is not a final adjudication of the claims. We also cannot assume that the final order’s silence amounts to a final decision to deny the claims because there were no motions to dismiss or cross-motions for summary judgment by Jackson or the Lindseys; and, of course, no trial was held on the damages issues. The Lowes’ claims for monetary damages were not before the chancellor for a final decision; they were left hanging after the chancellor denied that part of the Lowes’ motion for summary judgment.
¶ 9. As the chancellor’s “final judgment” did not adjudicate the Lowes’ claims for monetary damages, it is an interlocutory order. We are without jurisdiction to hear the appeals taken from it. Consequently, both the direct appeal and cross-appeal are dismissed, and this case is remanded to the chancery court for further proceedings.
¶ 10. THE APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED EQUALLY BETWEEN THE APPELLANT AND THE CROSS-APPELLANTS.
LEE, C.J, IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON AND RUSSELL, JJ., CONCUR. MAXWELL, J., NOT PARTICIPATING.

. There were other named defendants, but they were dismissed from the suit and are not relevant to this appeal.