BARNES, J.,
for the Court:
¶ 1. The Chancery Court of Hinds County granted R.E.B. (“Ray”)[1] a divorce from S.E.B. (“Sara”) on the ground of habitual cruel and inhuman treatment. The chancellor also awarded physical custody of the two minor children to Ray and made certain determinations regarding the distribution of the marital property. Sara appealed, raising four issues, two of which relate to Ray’s grant of divorce. The other two issues regard the chancellor’s failure to award Sara separate maintenance or alimony and the chancellor’s offsetting of Ray’s credit-card debt with equity owed to Sara from her share of Ray’s retirement account. Because the chancellor failed to rule on the issue of child support, and she did not certify her judgment as final pursuant to Mississippi Rule of Civil Procedure 54(b), this Court lacks appellate jurisdiction. Therefore, we must dismiss this appeal.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶2. Sara and Ray separated in April 2006, after approximately twenty-one years of marriage. Three children were born of the marriage — a son and two daughters. At the time of trial, their son was emancipated, and their two minor daughters were sixteen and nine years old. The parties own a marital residence on Daniel Lake Boulevard in Jackson, Mississippi.
¶ 8. In April 2008, Sara filed a complaint for separate maintenance,[2] which also included a request for custody of the two daughters, child support, and equitable distribution of certain property. In response, Ray answered and counterclaimed for divorce on the grounds of habitual cruel and inhuman treatment, adultery, insanity, or, alternatively, irreconcilable differences. He also requested custody of the two minor children and child support.
¶ 4. In December 2009, the chancery court held a hearing on Sara’s complaint for separate maintenance and Ray’s counter-complaint for divorce. At the end of the hearing, the chancellor ruled that Ray was entitled to a divorce based on habitual cruel and inhuman treatment; thus, it was *16 not necessary to address the grounds for Sara’s separate maintenance claim. The chancery court also found that Ray did not prove grounds for divorce based on insanity or adultery. Sara was awarded a lien to one-half of Ray’s retirement account, which had a balance of approximately $41,637 at the time of the hearing. The chancellor ruled Ray would assume the $11,000 in credit-card debt, which was deemed marital, but he was entitled to an offset of $5,500 for any equity owed to Sara from Ray’s retirement account. Regarding child support, the chancellor declined to make a ruling as Sara is unemployed.
¶ 5. Sara appealed.
ANALYSIS
¶ 6. While the parties have not raised the issue as to whether the trial court’s judgment is appealable, the appellate court must address the question on its own initiative. M.W.F. v. D.D.F., 926 So.2d 897, 899 (¶ 4) (Miss.2006) (citing Williams v. Delta Reg’l Med. Ctr., 740 So.2d 284, 285 (¶ 5) (Miss.1999)).
¶ 7. Sara and Ray both requested child support in their respective complaint and counter-complaint; however, the chancellor did not rule on the issue of child support in either her bench opinion or written judgment. From her bench ruling, the chancellor mentioned child support twice, but she made no definitive ruling. Initially, she stated: “With regard to the equitable distribution of the marital assets and the request for support and maintenance of the children and of [Sara], [Sara] is currently not employed, and at this point I do understand that we are in a type of recession; however, under the circumstances, at some point, since there’s been no finding of disability, [Sara] is an able-bodied person and is able to seek employment.” Later, the chancellor mentioned that “[Ray] is currently supporting the minor children. He has received no support from [Sara] because she is currently unemployed.” At the end of her ruling, the chancellor stated that she “covered everything. If I haven’t, because everybody is rushed today, then we can address that in terms of drafting.”
¶ 8. In the judgment of divorce, the chancellor wrote: “Due to [Sara] not being employed at this time, the issue of child support will not be ruled on until such time in the future as the Court deems proper.” Because the chancellor did not rule on the issue of child support, we find this judgment was not a final judgment. '
¶ 9. “Generally, only final judgments are appealable.” M.W.F., 926 So.2d at 899 (¶ 4). We find M.W.F. instructive. There, as here, the parties raised various claims of divorce, child custody, child support, alimony, and property division. Id. However, in his judgment, the chancellor only addressed the divorce claim and expressly held the other matters in abeyance pending appeal. Id. at (¶ 3). The Mississippi Supreme Court noted that although the chancellor’s temporary order discussed an appeal, it did not use the express language required by Rule 54(b). Accordingly, the order was interlocutory and not ripe for appellate review. Id. at 900 (¶ 5).
¶ 10. Rule 54(b) of the Mississippi Rules of Civil Procedure states:
When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the *17 absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
The comment to Rule 54(b) adds that the rule “gives the court discretion to enter a final judgment in these circumstances and it provides much needed certainty in determining when a final and appealable judgment has been entered. If the court chooses to enter such a final order, it must do so in a definite, unmistakable manner.” M.R.C.P. 54(b) cmt. “Without the entry of a Rule 54(b) certificate, a trial court order which disposes of less than all of the claims against all of the parties in a multiple party or multiple claim action, is interlocutory.” M.W.F., 926 So.2d at 900 (¶ 4) (quoting Owens v. Nasco Int'l, Inc., 744 So.2d 772, 774 (¶ 8) (Miss.1999)).
¶ 11. Here, the chancellor expressly declined to rule on the issue of child support. Further, she failed to certify the order as a final judgment under Rule 54(b). Accordingly, this Court has no jurisdiction. We also note that Sara asserts in her appeal that the chancellor failed to address her claim for alimony. “Support” for Sara was only mentioned in conjunction with general statements about the support of the children in the chancellor’s bench ruling, and that discussion was in relation to the fact Sara was not employed, but able-bodied and able to seek employment.
¶ 12. However, Sara’s claim for alimony might not have been properly before the chancery court because the only time Sara mentioned a request for alimony was in her original complaint for separate maintenance. The request was made on the fifth page of a six-page pleading, within a page-long paragraph containing her prayer for relief. The request for alimony was not a proper alternative request for relief to separate maintenance as the two means of support are available in different situations. See Chapel v. Chapel, 876 So.2d 290, 295 (¶ 16) (Miss.2004). While there is “nothing inherent in the substance of the claims to prevent the separate maintenance action from being converted to one for alimony,” Sara did not request alimony in her answer to Ray’s counterclaim for divorce, nor did she mention it at trial or in any post-trial motions. See id. (quoting Weiss v. Weiss, 579 So.2d 539, 542 (Miss.1991)). Accordingly, we acknowledge that the chancellor might not have been aware a claim for alimony was before her at the time of her ruling. As we must dismiss this appeal for lack of appellate jurisdiction, we note that the chancery court would need to determine if Sara’s claim for alimony was properly before the court, and if so, whether she was entitled to any alimony.
CONCLUSION
¶ 13. Because the chancellor did not make a “definite, unmistakable” ruling on the parties’ request for child support, the judgment was not final, but interlocutory; thus, it was not appealable. Nor was the judgment certified as a final judgment under Rule 54(b). Therefore, we must dismiss this appeal for lack of jurisdiction.
¶ 14. THE APPEAL IS DISMISSED FOR LACK OF JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, ISHEE, ROBERTS, *18 MAXWELL AND RUSSELL, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY.

. Because R.E.B.’s claim for divorce was based upon S.E.B.’s conviction of child neglect for allowing the sexual abuse of their fourteen-year-old daughter with a twenty-four-year-old man, fictitious names have been used for the parties to protect the identity of the minor children.

. Subsequent to this action, in April 2007, Sara filed for a divorce based on the ground of adultery, but the chancellor dismissed the case for insufficient evidence.