ISHEE, J.,
for the Court:
¶ 1. This appeal arises from a July 30, 2010 judgment of the Claiborne County Chancery Court finding Ross Road, a road located in Port Gibson, Mississippi, is a public road and granting the Appellees’[1] petition for right-of-way. Thomas Williams and Donald Williams (the Williamses) argue the chancery court abused its discretion and misrepresented the law in finding Ross Road is a public road. The Claiborne County School District cross-appeals arguing the chancery court erred by failing to award damages.
FACTS AND PROCEDURAL HISTORY
¶ 2. On October 19, 2009, the Claiborne County School District (the school district), Good Hope Timber Inc.,[2] and Anderson-Tully Company filed a petition in the chancery court to confirm right-of-way. They sought a right-of-way for Ross *885 Road against Thomas. Donald, Thomas’s brother, was added later as a party. The school district, in a separate claim, sought damages against the Williamses for the inability to lease its land located on Ross Road because of the lack of access to the land. The Williamses then filed a counterclaim arguing the portion of Ross Road running through their properties was abandoned by the Claiborne County Board of Supervisors (the Board) and is, therefore, no longer a public road.
¶ 3. A portion of Ross Road ran through properties owned by Thomas and Donald. Ross Road is the dividing line between each brother’s separate property. Over the years, two gates were erected on Ross Road, which the Williamses currently use to control cattle. One gate was in place prior to 1965, when the Williamses’ father obtained the properties, and the other gate was erected by the Williamses’ father in the 1970s. The two gates inhibit travel on the road and are the reason for of the petition for right-of-way.
¶ 4. Ross Road is a public road listed in the Claiborne County Road Registry. On June 27, 2000, pursuant to Mississippi Code Annotated section 65-7-4 (Rev. 2005), the Board adopted a road registry, which listed all public roads in the county. The following description was provided in the road registry for Ross Road:
Ross Road is located in the Northeast corner of Claiborne County in Township 13 North, Range 4 East and 5 East and being more particularly described as follows:
Beginning at the approximate Northeast corner of Section 26, T13N, R4E and runs in a Southeast direction through Section 27, Section 26, Section 7, and Section 18 to its point of terminus in the Northwest quarter of said Section 18.
A public hearing was held prior to the County’s adoption of the road registry. Pursuant to section 65-7-4(3), notice of the hearing was provided through publication. The Williamses neither attended the public hearing nor ever objected to Ross Road being listed as a public road.
¶ 5. After a trial on the merits, the chancellor entered a judgment on July 30, 2010. The chancellor found the evidence clearly established Ross Road as a public road and not the Williamses’ private property. The chancellor further found there was “no credible evidence to establish that the county has voluntarily abandoned any part of Ross Road.” Thus, the chancellor ordered the Williamses to remove the existing gates and barriers that prevent the Appellees and the public from accessing Ross Road. From that ruling, the Williamses appeal. Although the school district sought damages in the petition for right-of-way, the chancellor failed to address the issue of damages. Thus, the school district cross-appeals on that issue.
DISCUSSION
¶ 6. As a general rule, only a final judgment is subject to appeal. Jackson v. Lowe, 65 So.3d 879, 881 (¶ 6) (Miss.Ct.App.2011) (citing M.W.F. v. D.D.F., 926 So.2d 897, 899 (¶ 4) (Miss.2006)). A final judgment is defined as “a judgment adjudicating the merits of the controversy which settles all issues as to all the parties.” Estate of Volmer v. Patterson, 914 So.2d 1278, 1280 (¶ 9) (Miss.Ct.App.2005) (citations omitted). Although neither party addresses this jurisdictional issue on appeal, we must address it on our own initiative. Jackson, 65 So.3d at 881 (¶ 5).
¶ 7. Due to the chancellor’s failure to address the issue of damages, the ruling in this case is not considered a final judgment. However, in the absence of a final judgment, an issue may still be subject to appeal pursuant to Rule 54(b) of the Mis *886 sissippi Rules of Civil Procedure. Rule 54(b) states:
When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
¶ 8. There was no Rule 54(b) certification in this case. “Without the entry of a Rule 54(b) certificate, a trial court order which disposes of less than all of the claims against all of the parties in a multiple party or multiple claim action, is interlocutory.” Jackson, 65 So.3d at 881 (¶ 7) (quoting M.W.F., 926 So.2d at 900 (¶4)). Because there is no Rule 54(b) certification in this case, the case is “only appealable if the Mississippi Supreme Court grants permission under Rule 5 of the Mississippi Rules of Appellate Procedure[.]” Id. at 881-82 (¶ 7) (citation omitted). Otherwise, as is the case at hand, this Court has no jurisdiction to hear the case. Id.
¶ 9. The school district sought damages in the amount of $120,000 in their petition for right-of-way. At trial, the school district introduced evidence and testimony to establish the amount of damages. However, the chancellor neither addressed the issue of damages nor entered a judgment on the issue. Although the chancellor ruled on the right-of-way issue, he failed to rule on the issue of damages; thus, there was no final adjudication of all of the claims. We cannot assume the chancellor’s silence regarding the issue of damages is a final decision to deny damages.
¶ 10. The chancellor’s judgment did not adjudicate the school district’s claims for damages; therefore, the judgment is an interlocutory order. Accordingly, we are without jurisdiction to hear the appeal. Both the direct appeal and cross-appeal are dismissed for lack of jurisdiction.
¶ 11. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED EQUALLY BETWEEN THE APPELLANTS/CROSS-APPEL-LEES AND APPELLEES/CROSS-AP-PELLANTS.
LEE, C.J., GRIFFIS, P.J., BARNES, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR. IRVING, P.J., NOT PARTICIPATING.

. Claiborne County School District, Geróni-mo Hardwood Timber LLC, and Anderson-Tully Company are the Appellees involved in this appeal.

. The petition was amended later to substitute Gerónimo Hardwood Timber LLC in place of Good Hope Timber Inc.