IRVING, P.J.,
for the Court:
¶ 1. Chris Claused filed an amended complaint in the Jackson County Circuit Court against Lowe’s Home Center Inc. (Lowe’s), Joel Magazzu, and Jeffrey Bo-urque, alleging intentional and/or gross negligence in installing shower doors in his home. Bourque filed a motion for summary judgment,[1] which the circuit court granted. Feeling aggrieved, Claused appeals and presents the following issües, which we have recast for clarity: whether the court erred by ruling that Bourque was under no legal duty to repair the shower doors; whether the court erred in ruling that Bourque had made a gratuitous promise and that Claused did not detrimentally rely on that promise; and whether the court erred in ruling that there was insufficient evidence to impose an independent duty upon Bourque to repair the doors.
¶ 2. Because we find that the circuit court’s judgment is not a final, appealable judgment, we dismiss this appeal for lack of jurisdiction.
FACTS
¶ 3. Claused’s wife, Tammy, purchased shower doors from Lowe’s. Magazzu installed the doors. A couple of months later, Claused called and informed Lowe’s that one of the shower doors had fallen and caused an injury to his foot. Lowe’s issued a work order to Bourque, an independent contractor, stating that the “customer said shower door fed and hurt his toe, please take a look and try to find out how it fed and how bad it is broke [sic].” Bourque went to Claused’s home to inspect the doors and, afterwards, submitted an invoice to Lowe’s that indicated what needed to be done to fix the doors. For whatever reason, Lowe’s did not repair the doors at that time or request Bourque to do so. Ten months after Bourque’s inspection, one or both of the doors fed again while Claused was taking a shower, causing injury to Claused. Thereafter, Magazzu installed new doors, and Claused filed his initial complaint, which did not include Bourque as a defendant.
¶ 4. After Claused filed his amended complaint, adding Bourque as a defendant, Bourque filed a motion for summary judgment stating that there were no issues of material fact regarding whether he provided or sold defectively designed or manufactured doors, improperly installed the shower doors, made misrepresentations or negligent recommendations concerning the type of shower doors to be installed, failed *827 to warn Clausell that the doors were inadequate, or committed any other act of negligence proximately causing Clausell’s alleged damages. The circuit court granted the motion on the ground that Bourque was under no duty to repair the shower doors.
¶ 5. Additional facts, as necessary, will be related during the analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 6. If neither party has addressed the finality of the circuit court’s order, we must address the question on our own initiative. Williams v. Delta Reg’l Med. Ctr., 740 So.2d 284, 285 (¶ 5) (Miss.1999). Rule 54(b) of the Mississippi Rules of Civil Procedure reads:
When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated[,] which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties[,] shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
Here, the circuit court granted summary judgment as to Bourque without certifying its judgment as final under Rule 54(b).
¶ 7. “Without the entry of a Rule 54(b) certificate, a [circuit] court order which disposes of less than all of the claims against all of the parties in a multiple[-]party or multiple[-]elaim action, is interlocutory.” Jackson v. Lowe, 65 So.3d 879, 881 (¶ 7) (Miss.Ct.App.2011) (quoting M.W.F. v. D.D.F., 926 So.2d 897, 900 (¶ 4) (Miss.2006)). An interlocutory order is not appealable unless the Mississippi Supreme Court grants permission to appeal under Rule 5 of the Mississippi Rules of Appellate Procedure; otherwise, this Court has no jurisdiction to hear the case. Jackson, 65 So.3d at 881-82 (¶ 7). Clausell’s complaint alleged multiple claims against three parties. However, the circuit court granted summary judgment to only one party without a Rule 54(b) certification, leaving the claims against the remaining parties unresolved. There is no evidence that our supreme court granted permission to Clau-sell to appeal under Rule 5. Therefore, the circuit court’s order granting summary judgment is not a final, appealable judgment. Accordingly, this appeal must be dismissed for lack of jurisdiction.
¶ 8. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR. ISHEE, J., NOT PARTICIPATING.

. Neither Lowe’s nor Magazzu was dismissed from the case. Additionally, neither Lowe’s nor Magazzu filed a motion for summary judgment.