BARNES, J.,
for the Court:
¶ 1. Crown Communications LLC (Crown) appeals the Hinds County Circuit Court’s decision to deny its motion for summary judgment and to grant the motion for summary judgment filed by T6 Unison Site Management LLC (Unison). Finding that the circuit court’s order was not a final, appealable judgment, we dismiss the appeal.
SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. On December 11, 2000, Crown (also referred to as Lessee) entered into a Lease Agreement with Sammie and Nora Ormon (also referred to as Lessor) for the purpose of erecting and operating a wireless-communications facility on a portion of Sammie and Nora’s property. Under the terms of the Lease Agreement, Crown was to pay a monthly rental fee to Sammie and Nora in exchange for use of the specified property. Additionally, the Lease Agreement provided:
If during the Lease Term Lessor elects to sell all or any portion of the Leased Premises, whether separate or as part of the larger parcel of which the Leased Premises is a part, Lessee shall have the right of first refusal to meet any bona fide offer of sale on the same terms and conditions of such offer. If Lessee fails to meet such bona fide offer within thirty days after notice thereof from Lessor, Lessor may sell the Leased Premises or portion thereof to such third person in accordance with the terms and conditions of the offer.
Both Sammie and Nora subsequently died, and title to the property was transferred to their sons, Brad and Jeff Ormon (the “Ormons”) on May 20, 2010.
¶ 3. On July 27, 2010, the Ormons and Unison entered into a Wireless Communication Easement and Assignment Agreement (Assignment), which assigned to Unison the Ormons’ rights and duties under the Lease Agreement, as well as a nonexclusive easement for ingress and egress. The Ormons retained fee-simple ownership of the property and were responsible for paying the property taxes.
¶ 4. In October 2010, Crown ceased making rental payments, and Unison sent Crown a default notice on December 20, 2010. Unison filed a complaint against Crown on January 12, 2011, for “breach of contract, bad faith breach of contract, and an action to remove and/or evict [Crown] from the site and premises[.]” Crown responded and filed a counterclaim, arguing that the Assignment did not grant Unison an easement, but rather that the Assignment conveyed a property interest to Unison, which should have triggered the “right of first refusal” clause of the Lease Agreement. Therefore, Crown asserted that the Ormons breached the Lease Agreement, and Crown filed a motion for leave to file a third-party complaint against the Ormons on March 8, 2011. *258 The circuit court granted the motion, and, on May 11, 2011, Crown filed a third-party complaint against the Ormons.
¶ 5. On September 15, 2011, both Unison and Crown filed motions for summary judgment. The Ormons filed a “Separate Motion for Summary Judgment Through Joinder in Part in Unison’s Motion for Summary Judgment and Unison’s Memorandum of Authorities” on October 25, 2011.
¶6. On August 14, 2012, the Hinds County Circuit Court entered an order, rejecting Crown’s argument and finding the Ormons had merely assigned an “interest” in the property, not “fee title to a part of the ‘parcel.’” Therefore, the order granted summary judgment in favor of Unison and denied Crown’s motion for summary judgment. It also noted that should Crown and Unison not come to an agreement regarding past-due rent, Crown should place the rent money into the court’s registry until the circuit court could conduct a hearing on the issue.[1] The order did not address the Ormons’ motion for summary judgment.
¶ 7. Crown appeals the judgment. Upon review, we find that the circuit court’s order was not a final judgment under Mississippi Rule of Civil Procedure 54(b); therefore, this Court is without jurisdiction to consider Crown’s appeal. The appeal is dismissed.
DISCUSSION
¶8. Although no party has raised the issue of appellate jurisdiction, as the action involved multiple parties and claims, we must address on our own initiative whether the circuit court’s order was a final, appealable judgment under Mississippi Rule of Civil Procedure 54(b). Clausell v. Bourque, 122 So.3d 825, 827 (¶ 6) (Miss.Ct.App.2013) (citing Williams v. Delta Reg’l Med. Ctr., 740 So.2d 284, 285 (¶ 5) (Miss.1999)).
¶ 9. Under Rule 54(b), the circuit court may “direct the entry of a final judgment as to one or more but fewer than all of the claims or partiesf.]” M.R.C.P. 54(b). For a judgment to be final under Rule 54(b), “the case [must] include either multiple claims, multiple parties, or both, and ... either one or more but fewer than all the claims [must] have been decided, or ... all the rights and liabilities of at least one party [must] have been adjudicated.” M.R.C.P. 54(b) cmt.
¶ 10. Crown brought the Ormons into the action as third-party defendants, and they were represented by counsel at the motion hearings before the circuit court. Yet, although they do not challenge this Court’s jurisdiction, the Ormons observed in their appellees’ brief that the “[c]ircuit [c]ourt’s [o]rder does not expressly grant the Ormon’s [mjotion [for summary judgment].” The order only disposed of Unison’s and Crown’s motions for summary judgment, and the circuit judge failed to certify the order as a final judgment under Rule 54(b). In Anderson v. Britton & Koontz Bank, N.A., 55 So.3d 1130, 1132 (¶ 10) (Miss.Ct.App.2011), we held that “[without a Rule 54(b) certification, [an] order granting summary judgment to only one of the two defendants is interlocutory.” (Citing M.R.C.P. 54(b) cmt.); see also Clausell, 122 So.3d at 827 (¶ 7) (finding no appellate jurisdiction, as the circuit court’s order granted summary judgment to only one of three parties “without a Rule 54(b) certification”).
*259 ¶ 11. Since the circuit court’s order did not dispose all of the claims against all of the parties and was not certified as a final judgment under Rule 54(b), the order is interlocutory. Accordingly, we dismiss the appeal for lack of jurisdiction.
¶ 12. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. Crown began paying past-due rent into the circuit court registry on December 12, 2012, after being instructed by the court to do so.