# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CA-00602-COA

**TREASURE LEIGH CROCKER**                                          **APPELLANT**

**v.**

**THOMAS C. DAVES**                                                          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/21/2023 |
| TRIAL JUDGE: | HON. DEBRA MICHELLE GILES |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | JACOB MICHAEL JENKINS |
| | A. LEE ABRAHAM JR. |
| ATTORNEY FOR APPELLEE: | ELLIS MICHAEL RUSTOM |
| NATURE OF THE CASE: | CIVIL - CUSTODY |
| DISPOSITION: | APPEAL DISMISSED - 04/22/2025 |
| MOTION FOR REHEARING FILED: | |

### BEFORE BARNES, C.J., WESTBROOKS AND WEDDLE, JJ.

### WEDDLE, J., FOR THE COURT:

¶1. Treasure Crocker and Thomas Daves are the parents of three minor children. The Sunflower County Chancery Court awarded Thomas physical custody of the children subject to reasonable, liberal visitation for Treasure, with the parties having joint legal custody. The chancellor held the issue of child support in abeyance because there was insufficient information before the court to award child support based on the statutory guidelines. Treasure appeals, claiming the chancery court erred by finding it was in the children's best interest to award physical custody to Thomas. Upon review of the record, we find this Court lacks jurisdiction to consider the appeal.

**FACTS**

¶2.     The parties lived together throughout the duration of their children's lives until they separated in April 2022. The parties were never married, and it is undisputed that Thomas is the biological father of their three children. After their separation, the children lived with Treasure. On August 2, 2022, Thomas filed a petition for custody, child support, visitation, and other temporary relief. On October 6, 2022, the chancellor entered an order appointing a guardian ad litem (GAL).On April 21, 2023, the chancellor entered an order accepting the GAL's recommendation that it was in the children's best interest for Thomas to be awarded physical custody of the children subject to reasonable, liberal visitation for Treasure, with the parties having joint legal custody. Because neither party submitted a financial statement as required by Uniform Chancery Court Rule 8.05, the chancellor was unable to determine how much child support Treasure should pay Thomas and held this issue in abeyance. Aggrieved, Treasure appeals.

**DISCUSSION**

¶3.     Although the parties did not raise this issue, after a review of the record, we find that this Court lacks jurisdiction to consider this appeal. *Jackson v. Lowe*, 65 So. 3d 879, 881 (¶5) (Miss. Ct. App. 2011) (citing *M.W.F. v. D.D.F.*, 926 So. 2d 897, 899 (¶4) (Miss. 2006)). "An appeal may be taken only from a final judgment." *Houston v. Houston*, 385 So. 3d 820, 826 (¶33) (Miss. Ct. App. 2024) (quoting *Blaney v. Black Jack Oil Co.*, 325 So. 3d 1204, 1206 (¶8) (Miss. Ct. App. 2021)). "Generally, a final judgment is one that adjudicates the merits of the controversy and settles all issues between all parties." *Id*. (quoting *LaFontaine v.*

*Holliday*, 110 So. 3d 785, 787 (¶8) (Miss. 2013)). "In other words, an order is considered final if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Id*.

¶4. The parties raised issues regarding child support and child custody. The chancellor addressed the issue of child custody in her order, but she held the issue of child support in abeyance "until there is appropriate documentation brought back before this court." In a similar case, this Court found that because a chancellor did not rule on the issue of child support, the judgment was not final. *S.E.B. v. R.E.B.*, 67 So. 3d 14, 16 (¶8) (Miss. Ct. App. 2011). In the final judgment in that case, the chancellor determined that "[d]ue to [Sara] not being employed at this time, the issue of child support will not be ruled on until such time in the future as the court deems proper." *Id*. As previously noted, the chancellor in our case held the issue of child support in abeyance because neither party had submitted a Rule 8.05 financial statement as required. Accordingly, we find that the order was not a final judgment.

¶5. Additionally, the chancellor's order was not certified pursuant to Rule 54(b) of the Mississippi Rules of Civil Procedure. *See Walters v. Walters*, 956 So. 2d 1050, 1053 (¶10) (Miss. Ct. App. 2007). This rule "allows the trial court to expressly direct the entry of final judgment as to fewer than all of the claims or parties in an action." *Id*. "Without the entry of a Rule 54(b) certificate, a [trial] court order which disposes of less than all of the claims against all of the parties in a multiple[-]party or multiple[-]claim action, is interlocutory." *Jackson*, 65 So. 3d at 881 (¶7) (quoting *M.W.F.*, 926 So. 2d at 900 (¶4)). An interlocutory order is not appealable unless the Mississippi Supreme Court grants permission to appeal

under Rule 5 of the Mississippi Rules of Appellate Procedure; otherwise, this Court has no jurisdiction to hear the case. *Id*. at 881-82 (¶7). The Supreme Court did not grant permission for an interlocutory appeal in this case, and because the chancellor's order was interlocutory in nature, it is not appealable. Accordingly, the appeal must be dismissed for lack of jurisdiction.

## CONCLUSION

¶6.     Our review of the record reflects that the chancellor's order was not a final, appealable judgment. Therefore, this appeal is dismissed.

¶7.     **APPEAL DISMISSED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER AND ST. PÉ, JJ., CONCUR.**