815 So.2d 472 (2002)
A.D. McLEOD, Individually and on Behalf of Preferred Bedding, LLC, A Mississippi Limited Liability Co., Appellant,
v.
Michael G. ALBANESE and the Burnice Whittier Smith Corporation, Appellees.
A.D. McLeod, Appellant,
v.
Michael G. Albanese and Burnice Whittier Smith, Appellees.
Nos. 2000-CA-01266-COA, 2000-CA-02132-COA.
Court of Appeals of Mississippi.
April 30, 2002.
*473 William R. Rigdon, Jr., Moss, for Appellant.
Robin E. Blackledge Blair, Laurel, for Appellee.
Before McMILLIN, C.J., BRIDGES, and IRVING, JJ.
McMILLIN, C.J., for the court.
¶ 1. The case now before the Court consists of two separate appeals consolidated for consideration by order of the Mississippi Supreme Court. Both appeals arise out of a single proceeding commenced in the Chancery Court of Forrest County and involve various grievances advanced by A.D. McLeod in the chancery court regarding the operation of Preferred Bedding, LLC, a Mississippi limited liability company. McLeod was, at one time, a member of the company (hereafter referred to as "Preferred Bedding") along with Michael G. Albanese and a corporation named the Burnice Whittier Smith Corporation (hereafter referred to as BWSC); however, McLeod commenced this action at a time after he had filed a voluntary petition in bankruptcy, an action the chancellor found to have ended the company's existence. At the time this proceeding was commenced by McLeod, Preferred Bedding had ceased actual operation after experiencing losses in every year of operation since its inception.
¶ 2. McLeod's complaint sought certain relief individually and also sought to assert *474 a number of claims on behalf of Preferred Bedding as a derivative action. The chancellor, on motion of Albanese and BWSC, dismissed all of McLeod's derivative claims alleged to have been asserted on behalf of Preferred Bedding on the ground that he was not a suitable person to pursue such claims under Section 79-29-1101 of the Mississippi Code which authorizes such derivative actions only by a member who was (a) a member at the time the claim arose and (b) could be said to fairly and adequately represent the interests of the company in pursuing the claim. Miss. Code Ann. § 79-29-1101 (Rev.2001). The chancellor based this determination on a finding that McLeod ceased to be a member of the company at the time he filed his bankruptcy petition. The chancellor also dismissed all claims asserted by McLeod individually except that he ordered a full accounting as to the company's assets and its operating profits or losses. McLeod filed a notice of appeal from that judgment, which was assigned Case Number 2000-CA-01266 by the clerk of this Court.
¶ 3. Despite the notice of appeal having been filed, Albanese and BWSC proceeded to prepare and file the required accounting in the Forrest County Chancery Court and the chancellor, albeit somewhat reluctantly because of his concerns regarding his continuing jurisdiction, proceeded to a hearing on a motion to approve the accounting. At the conclusion of the hearing, the chancellor entered an order approving the accounting and directing that, as a part of the winding up of the affairs of Preferred Bedding, the assets shown in the accounting be sold by a special commissioner appointed by the court. The chancellor originally ordered that the proceeds of that liquidation of assets be divided half to McLeod with the remaining half going jointly to Albanese and BWSC based on the percentages of ownership of the company reflected in the business records. However, in a subsequent order clarifying that certain assets listed in the inventory filed as a part of the accounting should not be sold at auction, the court concluded with the directive that "[t]his Court will reconsider distribution of assets once the equipment and inventories have been liquidated by public sale." McLeod filed a second notice of appeal from this judgment and clarifying order, which was assigned Case Number 2000-CA-1266.
¶ 4. As we have previously observed, the two appeals were consolidated for consideration by order of the Mississippi Supreme Court.
¶ 5. This Court is without jurisdiction to hear appeals of interlocutory orders unless the appellant has sought and obtained authority for such an interlocutory appeal pursuant to the provisions of Mississippi Rule of Appellate Procedure 5. M.R.A.P. 5; City of Mound Bayou v. Johnson, 562 So.2d 1212, 1228 (Miss.1990). The Court must be mindful of its jurisdiction to act and, in the appropriate circumstance, raise the issue on its own motion. Cotton v. Veterans Cab. Co., Inc., 344 So.2d 730, 731 (Miss.1977). In this case, it is evident that the first order, disposing of something less than all the issues before the court, was nothing more than an interlocutory order that could not be appealed except under Rule 5. McLeod did not seek such authority and, for purposes of our consideration, the earlier notice of appeal must be treated as a nullity. This answers the question unresolved in the chancellor's mind at the time of the hearing on the accounting as to his authority to proceed to resolve the remaining issues pending before his court in the case. That authority existed and the chancellor properly exercised that authority in considering and approving the accounting and ordering the sale of the remaining assets of Preferred *475 Bedding as a part of winding up the affairs of the then-defunct company.
¶ 6. The second issue before this Court touching on its jurisdiction is whether the order approving the accounting and ordering the sale of assets was a final judgment that could be properly appealed. We conclude that, especially when considered in light of the clarifying order, this order of the chancelloreven though it was styled as a "judgment"was not a final judgment for purposes of appeal. In the chancellor's clarification, he specifically reserved unto himself the right, after the company's assets were converted to cash, to "reconsider distribution of assets once the equipment and inventories have been liquidated...."
¶ 7. Necessarily encompassed within that right of reconsideration specifically reserved by the chancellor (which, in all events, existed as a matter of law whether or not articulated in the order) is the power of the chancellor to rethink what valuation he might put on the various contributions to the company made by the members. Because one of McLeod's central individual claims was that he was entitled to be recompensed for his contribution to the company of the use of his patented design for the manufacture of a therapeutic cushion, and because under the statute regarding the dissolution of a limited liability company, return of contributions by members precedes a distribution based solely on percentage of ownership (see Miss.Code Ann. § 79-29-805(c) (Rev. 2001)), there still existed the possibility that McLeod could obtain at least part of the relief he sought. This readily-apparent right of the chancellor to rethink a major element of McLeod's claim demonstrates quite vividly the interlocutory nature of the order directing the liquidation of remaining company assets. As in the first notice of appeal filed by McLeod, he did not seek authority for an interlocutory appeal. For that reason, we conclude that both the first and second notices of appeal were unauthorized attempts to perfect an appeal from an interlocutory order of the trial court and did not serve to vest this Court with jurisdiction to consider the matters now before us.
¶ 8. Our determination that, at the time this appeal was perfected, it was yet within the chancellor's authority to grant McLeod at least a portion of the relief he sought does not indicate the view of this Court as to the merit, or lack of merit, of McLeod's claim for greater compensation for the use of his patent. That remains a matter solely within the chancellor's discretion to be determined after such further proceedings as the chancellor, in his discretion, deems appropriate.
¶ 9. Finally, though we are remanding this matter for lack of jurisdiction, we additionally note, in the interest of judicial economy, that the chancellor's determination that McLeod was not a proper party to pursue certain derivative claims for the company itself against the remaining members of the company, including specifically a claim that the members had appropriated to their own use certain assets and manufacturing processes properly belonging to Preferred Bedding, was based solely on the factual determination that McLeod was no longer a member of the company by virtue of his filing in bankruptcy. The statute determining who is a proper plaintiff for a derivative action indicates that the critical question is whether the proposed plaintiff was a member of the company "at the time of the act or omission complained of...." Miss.Code Ann. § 79-20-1101 (Rev.2001). If, upon a development of the facts, it was made to appear that the acts of misappropriation complained of by McLeod actually occurred and, further, occurred prior to McLeod's *476 filing for bankruptcy, then it would not appear that his subsequent bankruptcy would, of itself, disqualify him as a proper plaintiff. The issue of his authority to proceed would, rather, turn on whether he could "fairly and adequately" represent the company's interest in the suit, and, in a case alleging wrongdoing by all remaining members of the company, it seems difficult to envision what other member could properly advance the company's interests. Again, our comments are not to be construed as any indication that we find McLeod's claims meritorious, but are intended solely to expedite the proper resolution of this matter on remand.
¶ 10. In summary, we conclude that the appeals in both Case No.2000-CA-01266 and Case No.2000-CA-02132 must be dismissed for want of jurisdiction of this Court to consider the issues presented and that the case must be remanded to the Chancery Court of Forrest County for such further proceedings as are appropriate under the terms of this opinion.
¶ 11. THE APPEALS FROM THE ORDERS OF THE CHANCERY COURT OF FORREST COUNTY AS DESCRIBED IN THE NOTICES OF APPEAL ARE DISMISSED FOR LACK OF JURISDICTION OF THIS COURT TO CONSIDER THE ISSUES PRESENTED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.