KITCHENS, Justice,
for the Court:
¶ 1. Jessica Norton Jordan appealed the chancellor’s declaratory ruling that she was not entitled to a share of her adoptive father’s estate under Mississippi’s preter-mitted heir statute. Miss.Code Ann. § 91-5-5 (Rev.2013). The order was entered in an ongoing probate action, and the certified copy of the trial court’s docket indicates that Jordan still is involved in the probate matter. Moreover, the declaratory judgment did not contain a Rule 54(b) certification or equivalent language. M.R.C.P. 54(b). Because the order denying pretermitted heir status to Jessica is not a final, appealable judgment, the appeal is dismissed.
I.
¶ 2. At the time of his death, John William Norton had three natural children: Dale, Linda, Gail, and one adopted daughter: Jessica. John’s wife, who predeceased him, was the natural mother of the first three children and the adoptive mother of Jessica. Jessica is Gail’s biological daughter, making her the natural granddaughter of John and his late wife. In January 1987, prior to Jessica’s adoption, John executed his Last Will and Testament, making specific devises and bequests to his three natural children and leaving any remaining property “unto [his] three children, William Dale Norton, Lin *891 da Rae Wilson, and Angela Gail Norton in equal shares, and share and share alike.” On May 1, 1990, John and his wife adopted Jessica, but John never changed his 1987 will.
¶ 3. John died on April 25, 2011, and his 1987 will was admitted to probate in the Lincoln County Chancery Court. John’s daughter Linda, as executrix, filed a petition for declaratory judgment within the pending probate proceeding asking the chancellor to declare that Jessica was not entitled to inherit any part of John’s estate. The docket reflects that, before the petition for declaratory relief was filed, a “Motion to Recover Assets” was filed, with a summons issued to Jonathan Sawyer Smith, a notice of deposition, and an agreed order. None of these documents is before the Court, and the record does not reveal Smith’s identity or his relation to the case.[1]
¶ 4. After the chancellor had granted Linda’s petition by means of the order now on appeal, the docket reflects that there was additional activity involving Jessica. Two months after Jessica filed her notice of appeal, a Motion to Recover Assets was filed, immediately followed by a summons issued for Jessica, her natural mother, Jessica’s husband, and Jonathan Sawyer Smith. Also appearing on the docket are a Petition to Authorize Sale of Estate Property and a Motion for Contempt. The latest entry, dated September 19, 2013, is an order of continuance. The docket does not show against whom the contempt action was brought.
II.
¶ 5. As demonstrated above, the order from which Jessica appealed did not terminate the proceedings. The right to appeal does not arise until the trial court disposes of all the claims against all defendants. Calvert v. Griggs, 992 So.2d 627, 631 (Miss.2008) (citing M.R.C.P. 54(b); Briscoe’s Foodland, Inc. v. Capital Assocs., Inc., 502 So.2d 619, 622 (Miss.1986)). Nevertheless Rule 54(b) of the Mississippi Rules of Civil Procedure does permit trial courts to enter a final, appealable judgment, even if the order generating the appeal does not terminate the proceedings. However, the chancellor’s order regarding Jessica’s status as a pretermitted heir made no “expressed determination that there [was] no just reason for delay” and it did not contain “an expressed direction for the entry of the judgment.” M.R.C.P. 54(b).
¶ 6. Absent certification under Rule 54(b), an order disposing of fewer than all of the claims or parties is interlocutory and cannot be appealed without the permission of this Court. M.R.A.P. 5 (detailing requirements for petitions to appeal an interlocutory order). Here, Jessica did not request permission to appeal under Rule 5 of the Mississippi Rules of Appellate Procedure, and the probate proceedings continued after entry of the order at issue. Notably, Jessica’s involvement in the case did not end with the chancellor’s declaring that she was not a pretermitted heir. Lacking a final judgment or the Court’s permission, this appeal must be dismissed.
Conclusion
¶ 7. We find that Jessica attempted to appeal an interlocutory order. The record clearly demonstrates that the probate action continued after this order was entered and that Jessica remains involved in the proceedings. Pursuant to Rule 54(b) of *892 the Mississippi Rules of Civil Procedure, the appeal is hereby dismissed.
¶ 8. APPEAL DISMISSED.
WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.

. During oral argument one of the attorneys identified this man as Jessica’s biological brother.