ROBERTS, J.,
for the Court:
¶ 1. By decree entered in the Adams County Chancery Court, Lindsey Brandon McBride and Jimmie Herbert McBride Jr. were divorced on July 26, 2006. They shared joint legal custody of their minor daughter, Joanna, with Lindsey having physical custody and Jimmie having visitation privileges. After their divorce, Lindsey and Joanna moved to Louisiana; however, Jimmie remained a Mississippi resident. Following a lengthy procedural history in both the chancery court and the Family Court of East Baton Rouge Parish, Louisiana (Family Court), the chancery court entered an order denying Jimmie’s motion for a declaratory judgment, denying Lindsey’s motion to dismiss and enjoining her from proceeding in Louisiana with her enforcement of a Louisiana order. Additionally, the chancery court stayed Jimmie’s petition for modification of visitation and custody. This issue still has not been ruled on by the chancery court, and for that reason, we find that there is not a final judgment pursuant to Mississippi Rule of Civil Procedure 54(b), and we dismiss this appeal.
FACTS AND PROCEDURAL HISTORY
¶ 2. Jimmie and Lindsey were divorced on July 26; 2006. At that time, they entered into a property-settlement, child-custody, and child-support agreement. Lindsey was granted physical custody of Joanna, with Jimmie receiving visitation privileges. Their visitation schedule was modified in January 2007 by agreed order. However, since then, there have been numerous proceedings before the chancery court, primarily involving child custody and visitation issues, culminating in an August 8, 2008 order enforcing Jimmie’s visitation schedule, but modifying that schedule to restrict his visitation to supervised visitation and appointing a guardian ad litem to oversee the visitation.
¶ 3. Then, Lindsey moved to Louisiana in 2009, and in 2010, she filed an ex parte petition in the Family Court seeking to have that court make executory the chancery court’s final decree of divorce and the January 2007 modification, but she did not include the August 8, 2008 order in her petition. The Family Court granted her petition in October 2010. Then, on March 9, 2012, Lindsey filed a “Rule to Show Cause” in the Family Court seeking a modification in the visitation and child support, and to have an order of contempt issued for Jimmie’s failure to pay child support and other expenses. Although he was served with process on Lindsey’s Rule to Show Cause, Jimmie did not file an answer or make an appearance to contest jurisdiction in the Family Court, but he did file a petition to modify visitation *944 and/or custody in the chancery court on March 29, 2012.
¶ 4. Following a hearing at which Jimmie was not present, the Family Court entered an order granting Lindsey’s Rule to Show Cause on May 17, 2012. The order passed on the issue of child support, but it modified the chancery court order regarding visitation, and it found Jimmie to be in contempt for his failure to pay child support and other expenses and for his failure to return Joanna to Lindsey in a timely manner. After receiving personal service of a copy of the Family Court’s order, Jimmie filed a motion for a declaratory judgment in the chancery court seeking to have the chancery court enter an order declaring the Family Court’s order to be null and void and to enjoin Lindsey from having it enforced.
¶ 5. The Family Court held another hearing on Lindsey’s Rule to Show Cause on July 31, 2012, and Jimmie was not present again. At this time, the Family Court issued an arrest warrant for Jimmie’s failure to appear. It appears that this arrest warrant is still outstanding.
¶ 6. Lindsey filed a motion to dismiss in the chancery court, and she argued that the chancery court lacked exclusive, continuing jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). Following a hearing, the chancery court denied Jimmie’s motion for a declaratory judgment and Lindsey’s motion to dismiss. The chancery court did enjoin Lindsey, and her attorney, from continuing with any proceeding in Louisiana for the enforcement of child support and/or child custody and visitation until further order of the chancery court or until she complies with the UCCJEA or the Uniform Interstate Family Support Act (UIFSA) registration procedures. Finally, the chancery court stayed Jimmie’s petition for modification of visitation/custody for thirty days on the condition that Lindsey move the Family Court to set aside its May 17, 2012 order and allow Jimmie to answer the Rule to Show Cause.
¶ 7. Aggrieved by the chancery court’s order denying her motion to dismiss for lack of jurisdiction, Lindsey filed the present appeal in which she raises three issues:
I. The chancery court erred in denying [Lindsey’s] motion to dismiss.
II. The chancery court abused its discretion in enjoining [Lindsey,] directly or through her attorney, from continuing with any proceeding in the State of Louisiana for the enforcement of child support and/or child custody and visitation.
III. The chancery court abused its discretion by staying [Jimmie’s] [petition for [m]odification of [v]isitation/[c]ustody on the condition [Lindsey] seek to have the May 17, 2012[j]udgment pending in Louisiana set aside and allow [Jimmie] to answer the Rule to Show Cause previously filed in Louisiana.
ANALYSIS
¶ 8. “Absent certification under Rule 54(b), an order disposing of fewer than all of the claims or parties is interlocutory and cannot be appealed without the permission of ... [the Mississippi Supreme] Court.” In re Norton, 126 So.3d 890, 891 (¶ 6) (Miss.2013). See M.R.A.P. 5 (detailing requirements for petitions to appeal an interlocutory order). The chancery court ordered:
Jimmie’s “[p]etition for Modification of [v]isitation/[c]ustody shall be stayed for thirty (30) days from the date of entry of this order upon condition that within said thirty (30) days the Louisiana [c]ourt, on [Lindsey’s] motion, set aside *945 [its] May 17, 2012[o]rder, and allow [Jimmie] to answer the Rule to Show Cause filed on March 9, 2012[,] in the Louisiana [c]ourt. In the event that does occur, counsel for each party shall notify [the chancery c]ourt at which time [the chancery c]ourt shall recognize that a proceeding concerning the custody of the child is pending in [Louisiana], and [the chancery c]ourt will consider whether or not it should transfer jurisdiction to [Louisiana].... In the event the Louisiana court does not set aside [its] May 17, 2012[o]rder within said thirty (30) days, [Jimmie] may set for hearing his [p]etition for [m]odification of [v]isi-tation/[c]ustody.”
Jimmie’s petition for modification of visitation and custody is still pending in the chancery court, and Lindsey did not request permission to file an interlocutory appeal pursuant to Rule 5. Additionally, there is nothing in the judgment or record to indicate that the chancery court intended to grant a final, appealable judgment or issued a Rule 54(b) certification. Therefore, we find that Lindsey’s appeal is an attempt to appeal an interlocutory order, and we dismiss her appeal pursuant to Rule 54(b).
¶ 9. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.