COLEMAN, Justice,
for the Court:
¶ 1. Three and a half years after his divorce was final, Dr. Chad Wigington (“Chad”) filed his complaint to reopen in the Chancery Court of Hinds County. He alleged that the divorce settlement agree-; ment between him and his ex-wife, Dr. Laura McCalop (“Laura”), was procedurally and substantively unconscionable and specifically requested that the chancellor modify the child support and visitation •provisions. After trial, the chancellor issued an opinion and order in which he declined to set aside the divorce settlement agreement, including the child support provisions, but in which he established a procedure by which Chad and the couple’s minor child, L.P., might be reunited and begin a father-child relationship. Chad appealed the chancellor’s decision to uphold the divorce settlement agreement provisions. Laura cross-appealed the chancellor’s order to modify the visitation *126 arrangement. • Because the chancellor retained jurisdiction to supervise the reunification process and to revisit the case in six months.for further review, the order and opinion did not constitute a final, appeal-able judgment. Therefore it is, not appropriate for consideration on direct appeal. Accordingly, we dismiss and remand.
ANALYSIS
¶ 2. The chancellor's order from which Chad and Laura appeal neither disposes of all the issues before it nor certifies the case for appeal pursuant to Mississippi Rule of Civil Procedure 54(b). Specifically, the January 27, 2015, “Final Judgment” leaves open for consideration in the chancery court the issues of custody and visitation.. We dismiss the present appeal and remand the case to the chancery court for further proceedings.
If 3. Pursuant to our caselaw, rule, and statute, only final judgments may be appealed directly. M.W.F. v. D.D.F., 926 So.2d 897, 899 (¶ 4) (Miss.2006); Miss. Code Ann. §§ 9-3-9 & 1Í-5Í-3 (Rev.2014 and 2004); Miss. R.App. P. 5. “[A]n appeal is not a matter of right but is subject to the statutory provisions, and the basic requirement is that appeals are proper only if from a final judgment.” Sanford v. Bd. of Supervisors, Covington Cty., 421 So.2d 488, 491 (Miss.1982); Although a trial court may, pursuant to Mississippi Rule of Civil Procedure 54(b), certify “that there is no just reason for delay” and expressly direct entry of a final judgment, absent such certification in the underlying order, the judgment is subject to revision. Accordingly, without a Rule 54(b) certification, any judgment that disposes of only some of the matters at issue in a lawsuit but leaves others to be decided later is an interlocutory order, not a final, appealable judgment. M.W.F., 926 So.2d at 900 (¶ 4) (citing Owens v. Nasco Int’l, Inc., 744 So.2d 772, 774 (Miss.1999)).
¶4. In his supplemental brief, Chad argues that the chancellor’s order is final. According to Chad, the mandated sequence of evaluations and counseling is “enforcement” of the chancellor’s final decision that Chad and L.P. would have supervised visitation for six months. We disagree. A petition to modify a visitation schedule need only prove that the current visitation agreement is not working and that a modification serves the child’s best interests. Wilburn v. Wilburn, 991 So.2d 1185, 1193 (¶ 20) (Miss.2008) (citing Coot v. Moulds, 490 So.2d 866, 869 (Miss.1986)). Chad is correct, that the chancellor indeed made a modification, but that modification is not yet final. First,' the chancellor’s six-month visitation period was contingent upon the reports of different counselors and therapists on the states of mind of all parties involved. Second, the chancellor explicitly stated that the reports that the guardian ad litem and the reunification counselor were to submit to him after six months should contain “recommendations for further visitation.”
¶ 5. Chad asserts that the chancellor’s bequest for reports is 'not the equivalent of a judge bifurcating a divorce proceeding and ordering the parties to set a date for resolution of the remaining issues, as occurred in M.W.F. v. D.D.F., 926 So.2d 897 (Miss.2006). There, the parties placed several issues before the chancellor, including grounds for divorce, child custody, and property division. However, the appealed judgment ' of divorce “only addressed ... the grounds for divorce,” and the Court dismissed the writ of certiorari and vacated the decision of the Court of Appeals for lack- of Rule 54(b) certification. Chad’s reading of the chancellor’s order in the case sub judice. misses the reason for which the chancellor-is. requesting the reports. When read with the chancellor’s other statements that L.P. is entitled to the love and support of her father and that the chancellor’s ultimate goal is the “[r]eu- *127 nification of father and daughter,” the request for reports implies — to the point of near explicitness — that the chancellor will review the reports, examine the parties’ progress, and call for a hearing or issue sua sponte another schedule for “further visitation.” Quite simply, the order on appeal today is not a final judgment, as it leaves issues to be decided below. “[A]n order is considered final if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.” LaFontaine v. Holliday, 110 So.3d 785, 787 (¶ 8) (Miss.2013).
¶ 6. The chancery court remains actively engaged in the present litigation. The chancellor issued an order on January 26, 2016, for Chad, Laura, and L.P. to proceed with reunification counseling. On February 18, 2016, Laura filed with the Court a motion for stay of that trial court order. Chad subsequently filed a motion to strike Laura’s motion. The trial court’s order and Laura’s and Chad’s motions serve as further evidence that the present matter before the Court proceeds from an interlocutory order, not a final oné.

CONCLUSION

¶ 7. The order appealed in today’s case does not dispose of all issues in the litigation below and is not a final, appealable judgment. Accordingly, we dismiss the instant appeal, deny Laura’s Motion' to Stay, deny Chad’s Motion to Strike as moot, and remand the case for further proceedings.
¶ 8. APPEAL DISMISSED.
WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, KING, MAXWELL AND BEAM, JJ., CONCUR.