WILSON, J.,
DISSENTING:
¶ 24. .1 agree with the circuit judge’s award of $810-in attorney’s fees and expenses under the Litigation Accountability Act. The award was reasonable and appropriate, and Monaghan’s arguments that the judge erred are without merit. However, I respectfully dissent because there is no final judgment and, hence, we lack appellate jurisdiction. We must raise this issue sua sponte, as jurisdictional issues cannot be waived, and jurisdiction cannot “be conferred on this Court by stipulation of the parties.” Donald v. Reeves Transp. Co., 538 So.2d 1191, 1194 (Miss. 1989).
¶25. After Autry Jr. had already answered the complaint, Monaghan filed what purported to be a “Notice of Dismissal Without Prejudice.” It was not a “motion.” Ante at (¶ 12). It was a “Notice.” Monaghan’s “Notice” was ineffective.
¶ 26. Mississippi Rule of Civil Procedure 41(a) is clear. The plaintiff can voluntarily dismiss his complaint without prejudice only by filing a notice of dismissal at any time before a defendant serves an answer or by filing a stipulation of dismissal signed by all parties who have appeared. M.R.C.P. 41(a)(1). Otherwise, “an action shall not be dismissed at the plaintiffs instance save upon order of the court and upon such terms and conditions as the court deems proper.” M'.R.C.P. 41(a)(2).
¶ 27. Because Autry Jr. had answered the complaint, it was too late for Mona-ghan to dismiss the case unilaterally by filing a “Notice.” Autry Jr. did not sign a stipulation of dismissal. And the circuit court did not enter an order dismissing the case. The court did enter a “Judgment for Defendant” awarding attorney’s fees and expenses to Autry Jr., but it did not address the underlying complaint or- Mona-ghan’s ineffectual notice of dismissal. This Court recently held that a judgment awarding attorney’s fees to a defendant is not final and appealable if, as in this case, there is no final judgment on the underlying complaint. Hoffman v. Hoffman, 200 So.3d 465, 468 (¶ 14) (Miss. Ct. App. 2016). No judgment has been entered on Monaghan’s claim against Autry Jr., so there was no final judgment to appeal. In re Norton, 126 So.3d 890, 891 (¶ 5) (Miss. 2013) (“The right to appeal does not arise until the trial court disposes of all the claims against all defendants.”).
¶ 28. It is unclear whether the majority concludes that there is a final, appealable judgment because it considers the “Judgment for Defendant” an “order of the court” for purposes of Rule 41(a)(2), because it believes that Autry Jr. somehow stipulated to a dismissal, or for some other reason. However, the judgment for Autry Jr. did not address the underlying complaint, Autry Jr. never signed a stipulation *208 of dismissal, and Rule 41 makes clear that Monaghan lost, the ability/to dismiss the case unilaterally- once Autry Jr. filed an answer. Therefore, there is no final judgment, and the appeal should be dismissed for lack of jurisdiction.[3]
GRIFFIS, P.J., BARNES AND GREENLEE, JJ., JOIN THIS OPINION.

. Dismissal of the appeal would leave in place Autry Jr.’s judgment for attorney's fees and expenses, and Monaghan would be well-advised not to attempt another appeal. Also, the circuit court could condition dismissal under Rule 41(a)(2) on payment of attorney's fees and expenses. See BellSouth Pers. Commc'ns LLC v. Bd. of Sup’rs of Hinds Cty., 912 So.2d 436, 443-44 (¶ 26) (Miss. 2005).