# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-01143-COA

**KENTRIAL BELK A/K/A KENTRAIL BELK**     **APPELLANT**
**A/K/A KENTRIAL L. BELK A/K/A KENTRAIL**
**L. BELK A/K/A KENTRIAL LEVEX BELK**
**A/K/A TRELL**

**v.**

**STATE OF MISSISSIPPI**          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/19/2018 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | KENTRAIL BELK (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALLISON ELIZABETH HORNE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | APPEAL DISMISSED - 03/24/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE J. WILSON, P.J., WESTBROOKS AND McDONALD, JJ.**

**McDONALD, J., FOR THE COURT:**

¶1. On July 10, 2015, an Oktibbeha County grand jury indicted Kentrail Belk on nine separate counts of controlled substance violations. On July 31, 2017, Belk pleaded guilty to count nine, and counts one through eight were retired to the file. The trial court sentenced Belk to serve a term of ten years in the custody of the Mississippi Department of Corrections (MDOC).[1] Thereafter, Belk filed a motion for post-conviction relief (PCR) on the grounds

---

[1] Belk was also ordered to pay all court costs, pay a fine of $1,000, and submit himself to any alcohol or drug counseling that the MDOC deems necessary.

that his plea was involuntary and the product of ineffective assistance of counsel. He claimed (1) counts one through eight should have been dismissed on jurisdictional grounds; (2) he was never arrested, arraigned, or provided a preliminary hearing for the charge in count nine; and (3) his ten-year sentence was illegal. The circuit court granted Belk's PCR motion in part (as to the illegal-sentence issue) and re-sentenced him to serve a term of eight years in the custody of the MDOC pursuant to Mississippi Code Annotated section 41-29-139(a) (Supp. 2016). But the circuit court failed to address Belk's other claims of ineffective assistance of counsel. Belk appeals from the circuit court's order. We dismiss Belk's appeal for lack of appellate jurisdiction and remand this matter to the circuit court for a final decision. *See Newsom v. Newsom*, 138 So. 3d 275, 278 (¶11) (Miss. Ct. App. 2014).

## FACTS AND PROCEDURAL HISTORY

¶2. Belk disputes whether he was indicted on eight or nine felony counts. On June 3, 2015, at Belk's initial appearance, he was informed of felony charges on five counts of the sale of cocaine and three counts of the sale of marijuana. There was no mention of a ninth count.

¶3. On July 10, 2015, an Oktibbeha County grand jury indicted Belk for nine separate counts of violations of controlled substances laws: six counts for the sale of cocaine and three counts for the sale or transfer of marijuana. The indictment included Belk's previous convictions under each count, and the State sought enhanced punishment under Mississippi Code Annotated section 41-29-147 (Rev. 2013) of the Uniform Controlled Substances Law

2

for each count.[2]  Under this statute, Belk's term of incarceration could have been doubled. *Id.*

¶4.     On the same day that the indictment was filed, a capias was issued, authorizing the sheriff to arrest Belk and hold him in custody until he entered a plea to all nine charges.

¶5.     On August 6, 2015, Belk was served with the capias.  On the same day, according to the general docket, Belk waived arraignment and entered a plea of not guilty.  Belk was served with the indictment, which included all nine counts.

¶6.     An appearance bond from A & A Bail Bonds, dated August 7, 2015, reflected that Belk was charged with five counts of the sale of cocaine and three counts of the sale of marijuana.  It made no mention of count nine.

¶7.     On October 25, 2016, the court granted the State's motion to amend the indictment to reflect Belk's habitual offender status pursuant to Mississippi Code Annotated section 99-19-81 (Supp. 2014).[3]  Under this statute, Belk faced the maximum sentence without

_____

[2] Section 41-29-147 states that "any person convicted of a second or subsequent offense under this article may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both."

[3] Mississippi Code Annotated section 99-19-81 states, "Every person convicted. . . shall be sentenced to the maximum term of imprisonment prescribed for such felony unless the court provides an explanation in its sentencing order setting forth the cause for deviating from the maximum sentence, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation."  Belk was subject to section 99-19-81 because he was previously convicted in the Clay County Circuit Court for the crime of possession of cocaine and sentenced to serve three years.  In addition, Belk had a prior conviction for the sale of cocaine and was sentenced to serve ten years, with five years of post-release supervision.

eligibility for parole for all counts if convicted.

¶8. On July 31, 2017, Belk executed a petition to enter a plea of guilty in which he waived his constitutional rights to a trial on the merits. The petition stated that Belk was pleading guilty to count nine, and as a result, counts one through eight would be retired to the file. A hearing entitled "Arraignment and Guilty Plea" was held on the same day. At the outset of the hearing, the State deleted the enhancement punishment but retained the habitual offender status. The trial court sentenced Belk to serve a term of ten years in the MDOC's custody for his conviction of count nine. The court ordered him to pay all court costs, pay a fine of $1,000, and submit himself to any alcohol or drug counseling that the MDOC deemed necessary.

¶9. On December 15, 2017, Belk filed a pro se "Verified Motion For Post-Conviction Relief" in the Oktibbeha County Circuit Court, arguing that his guilty plea was involuntary and the product of ineffective assistance of counsel that resulted in an illegal sentence.

¶10. On May 18, 2018, the State agreed and requested that Belk be re-sentenced to serve a term of eight years in compliance with the statutory maximum. But the State argued that the remaining claims within Belk's PCR motion were without merit.

¶11. The circuit court set Belk's PCR motion for a hearing on July 17, 2018. At the re-sentencing hearing, the circuit court stated that it was only considering Belk's claim that he received an illegal sentence. The court determined it would consider Belk's other PCR claims later and would order another hearing if necessary, stating:

4

There are some other issues that may or may not require a hearing. The allegations that the indictment was defective and so on and so forth are contained also in there. But the major issue that the Court wanted to address was the length of sentence. The Court sustains that portion of the collateral relief act, and he has been returned on cause number 2015-0239 for resentencing. And that is the only issue that I -- contained in the PCR that I am addressing at this hearing. The other issues will be considered by the Court to make a determination as to whether an actual hearing is necessary on those other issues or not. I make that determination based on the record as to whether or not hearings are necessary on the allegations of defective indictments and things of that nature. If it requires an evidentiary hearing, the defendant will be returned for that hearing. But in this particular hearing, the only thing that I am addressing is the illegality of that sentence.

The court then re-sentenced Belk to serve a term of eight years in the custody of the MDOC, pay all court costs, pay a fine of $1,000, and submit himself to any alcohol or drug counseling the MDOC deems necessary. This conclusion resolved one of Belk's PCR issues.

¶12. The circuit court entered a written order on the re-sentencing on July 18, 2018, but did not address Belk's remaining PCR claims. The circuit court issued no subsequent orders prior to Belk's appeal.

¶13. Belk filed his notice of appeal on August 8, 2018.

**STANDARD OF REVIEW**

¶14. "We review the dismissal or denial of a PCR motion for abuse of discretion. We will only reverse if the circuit court's decision is clearly erroneous. When reviewing questions of law, our standard is de novo." *Kennedy v. State*, 287 So. 3d 258, 263 (¶12) (Miss. Ct. App. 2019), *cert. denied*, 279 So. 3d 1087 (Miss. 2019). "The PCR movant bears the burden of showing he is entitled to relief by a preponderance of the evidence." *Webster v. State*, 152

5

So. 3d 1200, 1203 (¶5) (Miss. Ct. App. 2014) (internal quotation mark omitted).

**DISCUSSION**

¶15.    Although Belk timely filed a notice of appeal, the circuit court's sentencing order did not resolve Belk's PCR claim of ineffectiveness of his trial counsel's assistance and is not a final judgment. The circuit court corrected the obvious error that Belk had been sentenced to more than was statutorily allowed. However, the circuit court expressly reserved ruling on the other issues Belk raised and had not ruled on them at the time of Belk's appeal.

¶16.    In his PCR motion, Belk argues that his trial counsel was ineffective because he failed to seek dismissal of several charges in Belk's indictment because Belk was never arrested, arraigned, or provided with a preliminary hearing on several of the charges and because Belk received an illegal sentence.

¶17.    Because the circuit court has not ruled on these other PCR issues, especially in the context of ineffective assistance of counsel, we have no jurisdiction to consider Belk's appeal of these matters. "In consideration of jurisdiction, the [appellate] Court may question only a final, appealable judgment or that which 'adjudicates the merits of the controversy and settles all issues as to all the parties and requires no further action by the trial court." *Davenport v. Hansaworld, USA Inc.*, 212 So. 3d 767, 770 (¶10) (Miss. 2017). Although Belk filed a timely notice of appeal, because the circuit court had not ruled on all the issues he raised, Belk's notice of appeal was premature. "[A] notice of appeal from a judgment or order that is not final is premature and will not confer jurisdiction on the appellate court."

6

*Bailey v. Wells Fargo Bank N.A.*, 282 So. 3d 482, 487 (¶13) (Miss. Ct. App. 2019) (internal quotation marks omitted) (quoting *LaFontain v. Holliday,* 110 So. 3d 785, 787 (¶¶8-10) (Miss. 2013)). *See Wigington v. McCalop,* 191 So. 3d 124, 127 (¶7) (Miss. 2016).

¶18.    Accordingly, we dismiss Belk's appeal for lack of jurisdiction and remand the matter to the Circuit Court of Oktibbeha County, Mississippi, to finish its resolution of Belk's PCR motion.

¶19.    **APPEAL DISMISSED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR. TINDELL, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**