# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CA-01554-COA

TIMOTHY A. JOHNSON AND CAROLYN JOHNSON          APPELLANTS

v.

ADAMS COUNTY, MISSISSIPPI          APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 07/17/2019 |
| TRIAL JUDGE: | HON. WALTER JEFFREY BROWN |
| COURT FROM WHICH APPEALED: | ADAMS COUNTY COUNTY COURT |
| ATTORNEY FOR APPELLANTS: | JOSEPH BILBO MOFFETT |
| ATTORNEY FOR APPELLEE: | SCOTT FLETCHER SLOVER |
| NATURE OF THE CASE: | CIVIL - EMINENT DOMAIN |
| DISPOSITION: | APPEAL DISMISSED - 06/22/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE CARLTON, P.J., LAWRENCE AND SMITH, JJ.

### LAWRENCE, J., FOR THE COURT:

¶1. The Adams County County Court entered a "Quick Take" eminent domain order in favor of Adams County against Timothy and Carolyn Johnson ("Johnsons") for the widening of Morgantown Road. The initial complaint requested a permanent taking of some of the Johnsons' property, but the county later amended its complaint and only sought a two-week temporary taking regarding a much-diminished project. The court, after hearing testimony and considering the exhibits offered, held that due to the dangerous conditions of driving on the high-traffic Morgantown Road and the potential of loss of funding for the project, irreparable, imminent, and immediate danger could occur if the temporary taking was not granted. The court did not assess damages or rule on other issues raised by the parties but

instead reserved those issues for another day not yet set by the parties. Nevertheless, the Johnsons appealed, claiming (1) the lower court did not have jurisdiction; (2) the order granting the quick take was improper; and (3) the Johnsons should be allowed to recover all reasonable expenses, including attorney's fees, that the Johnsons incurred in defending this matter as provided by Mississippi Code Annotated section 11-27-37 (Rev. 2019). We find that a final appealable order had not yet been entered by the Adams County County Court concerning all the issues before it. Therefore, this Court lacks jurisdiction to entertain the interlocutory nature of the issues raised. Because we find the jurisdictional issue dispositive, further analysis of the other issues raised by the Johnsons on appeal will not be addressed.

**FACTS**

¶2. On November 5, 2018, the Adams County Board of Supervisors approved a resolution authorizing the filing of a quick take action against the Johnsons to obtain a portion of their property to expand the Morgantown Road. It was undisputed at trial that Morgantown Road was "one of the most dangerous roads" in Adams County. The county sought and had obtained time-sensitive funding for widening the road, correcting the drainage issues, and providing sufficient striping for the road.

¶3. On December 28, 2018, Adams County filed a complaint against the Johnsons seeking a quick take pursuant to Mississippi Code Annotated section 11-27-81 (Rev. 2019). The initial complaint sought a permanent taking of part of the Johnsons' land so Morgantown Road could be widened to three lanes. On January 23, 2019, the Johnsons responded to the complaint pro se with a letter requesting an appraiser and sufficient funds to relocate.

2

¶4.     On January 10, 2019, the court appointed Dan Bland as an appraiser pursuant to Mississippi Code Annotated section 11-27-83 (Rev. 2019).  On March 20, 2019, Bland filed an affidavit estimating that the compensation for the temporary easement and taking owed to the Johnsons was $30,314.[1]

¶5.     On March 11, 2019, Adams County filed an amended complaint, which changed their complaint from a permanent taking to a temporary two-week taking.  Adams County did not seek permission to file the amended complaint. The Johnsons filed their formal answer on May 13, 2019, and alleged that the amended complaint was filed in violation of Rule 15 of the Mississippi Rules of Civil Procedure.  The Johnsons claimed their letter filed on January 23, 2019, served as an answer, and, therefore, Adams County had to obtain leave of court prior to filing the amended complaint.  Adams County responded by filing a motion to strike the affirmative defense and argued that the letter filed on January 23, 2019, was an answer. The court held a hearing on June 17, 2019, on several motions, one of which was the dispute as to the amended complaint being properly filed or not.  The court, without citing legal authority as to whether the first amended complaint was proper or whether the letter was an answer, granted Adams County leave to file the amended complaint, despite the absence of a motion for leave to amend the complaint.  Accordingly, Adams County refiled the amended complaint on June 18, 2019.

¶6.     The matter was then called for trial on June 19, 2019.  Adams County called two witnesses, and the Johnsons called three witnesses. One of the witnesses Adams County

---

[1] The court did not address the issue of damages prior to the appeal being perfected.

called was James Gray, one of the duly elected supervisors in Adams County. Gray confirmed that Morgantown Road was "one of the most dangerous roads in Adams County." The goal of the project was to "widen the road." Initially, Adams County had planned to add a third lane to Morgantown Road, which would have required a permanent taking of the property owners' land. But after further consideration, it was decided to fix the "serious drainage" issues "when it rained." The adjustment in the plan reduced the permanent taking of the Johnsons' land to a two-week temporary taking only.

¶7. The Johnsons called Landon Ratliff, a certified real estate appraiser, who was allowed to testify as an expert appraiser in eminent domain proceedings. Ratliff testified that the Johnsons would suffer a displacement because he "wouldn't want someone operating a trackhoe three feet from [his] front living room." He opined the project would be "far too close" to the Johnson home to "stay there." Ratliff did not provide a damage assessment at the trial but testified he would have to do a "market approach analysis" in the future to determine potential damages.

¶8. Another witness for the Johnsons, Ellis Felter, testified that he was a property owner of two parcels of land on Morgantown Road. He indicated he had reached an agreement on one piece of property, but the other was still in negotiation. He had not sued the county, nor had any type of quick take action been filed against his remaining property on the road.

¶9. Finally, Timothy Johnson testified as the owner of the property in question in this appeal. He testified that his wife has a immune system disorder, and he was concerned the stress of the project and the noise of the construction would have an adverse effect on her

4

health.

¶10.   The court, after hearing the testimony and reviewing the exhibits offered, issued a bench ruling that day ordering the granting of the quick take and immediate possession. The court reduced the oral order to written form, and it was entered on July 17, 2019.[2] On August 13, 2019, the Johnsons filed an amended motion to reconsider, alter, or amend the judgment and requested a ruling as to the award of attorney's fees and expenses. The trial court entered an order denying the Johnsons' motion to reconsider on August 28, 2019. The Johnsons filed their notice of appeal from the order granting immediate possession with the Supreme Court on September 27, 2019. On October 2, 2019, Adams County filed a motion to dismiss the appeal for lack of subject matter jurisdiction pursuant to Mississippi Rule of Appellate Procedure 5. The Mississippi Supreme Court denied Adams County's motion on December 16, 2019, and assigned the case to this Court for consideration.

## STANDARD OF REVIEW

¶11.   The Mississippi Supreme Court has stated that "this Court reviews decisions of a special court of eminent domain as it would any trial court." *Morley v. Jackson Redevelopment Auth.*, 874 So. 2d 973, 975 (¶11) (Miss. 2004). Thus, "[w]e review questions of law de novo, and we will not overturn findings of fact where they are supported by substantial evidence in the record unless there was abuse of discretion by the trial judge or the findings were manifestly wrong or clearly erroneous." *Id*.

---

[2] In its order, the court noted that the court-appointed appraiser opined that the suggested damages were $28,577.48. However, the court never assessed damages and advised the party to obtain another trial date for that purpose.

**ANALYSIS**

**1.      The quick take order is not a final, appealable order giving this Court jurisdiction even if timely appealed.**

¶12.    "[A]n order is considered final if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Wigington v. McCalop*, 191 So. 3d 124, 127 (¶5) (Miss. 2016) (quoting *LaFontaine v. Holliday*, 110 So. 3d 785, 787 (¶8) (Miss. 2013)). Stated differently, "an appeal may be taken as a matter of right once the trial court has disposed of all claims against all parties." *Crosby v. Mittelstaedt*, 186 So. 3d 415, 420 (¶10) (Miss. Ct. App. 2016) (citing *In re Norton*, 126 So. 3d 890, 891 (¶5) (Miss. 2013); *Hooker v. Greer*, 81 So. 3d 1103, 1108 n.10 (Miss. 2012); *Ulmer v. Tracker Marine LLC*, 154 So. 3d 77, 79 (¶7) (Miss. Ct. App. 2015)).

¶13.    Pursuant to Mississippi Code Annotated section 11-27-29(1) (Rev. 2019), "Every party shall have the right to appeal directly to the Supreme Court from the judgment entered in the special court of eminent domain, whether tried in county court or circuit court, by giving notice within ten (10) days from the date of the **judgment or final order entered by the court to the court reporter**. . . ." (Emphasis added). After the testimony, the court made a ruling from the bench, finding "Adams County shall suffer irreparable harm" if there was a delay in granting the quick take procedure. Here, the court order related to the quick take request only. The court did not assess damages. In fact, the Johnsons' own attorney indicated he was not ready to assess damages, as he would have his expert complete a market-approach analysis. At the end of the hearing, the court said, "[The Johnsons'] right[] to still proceed to make a claim for damages is alive and well. We can set that down

6

whenever the lawyers want to get together and do that." There is little doubt that the issue of damages still required testimony and a decision of the court. The only part of the case that had been resolved was whether Adams County would be allowed to conduct a quick take to proceed with the construction project and the amount of a deposit the County must place into the registry of the court. As further evidence that all issues had not been resolved, on August 28, 2019, the court, in overruling the Johnsons' motion to reconsider, stated:

> The Court denies the Defendant's Motion to Reconsider, Alter, or Amend the Judgment. The Court further orders the parties to enter into an Agreed Scheduling Order as soon as possible. A trial date can be obtained from the County Court Administrator.

If the order appealed from were final, the court would not have told the parties to set a trial date. Therefore, this Court finds that the quick take order was not a final and appealable order, and this Court lacks subject matter jurisdiction to consider this appeal at this point in time unless one of two legal mechanisms occurred creating such jurisdiction.

### 2. The Johnsons failed to file a motion to dismiss under Mississippi Code Annotated section 11-27-15.

¶14. The first mechanism in eminent domain cases is Mississippi Code Annotated section 11-27-15 (Rev. 2019). That section allows a party to appeal directly to the Mississippi Supreme Court from a denial of a motion to dismiss filed five days prior to a hearing on the complaint. Miss. Code Ann. § 11-27-15. Section 11-27-15 states in relevant part:

> Any defendant may, not less than five (5) days prior to the date fixed for the hearing of the complaint and in the same court where the complaint is pending, serve and file a motion to dismiss under the Mississippi Rules of Civil Procedure. . . . **Any party may appeal directly to the Supreme Court from an order overruling or granting any such motion to dismiss**, as in other cases, but if the order be to overrule the motion, the appeal therefrom shall not

7

operate as a supersedeas and the court of eminent domain may nevertheless proceed with the trial on the complaint . . . .

*Id*. (emphasis added). The Johnsons never filed a motion to dismiss pursuant to this statute. Therefore, this section is inapplicable and provides no guidance to the question of subject matter jurisdiction.

> **3. The Johnsons failed to file a petition for permission to appeal under Mississippi Rule of Appellate Procedure 5(a).**

¶15. Because this Court finds the quick take order was not a final, appealable order, and the Johnsons did not timely file a motion to dismiss, the only legal mechanism remaining potentially providing jurisdiction is Mississippi Rule of Appellate Procedure 5(a). In order to appeal from an interlocutory order, a petition for permission to appeal must be filed with the clerk of the Supreme Court within twenty-one days after entry of such order. M.R.C.P. 5(a); *see also Brown v. Collections Inc.*, 188 So. 3d 1171, 1177-78 (¶23) (Miss. 2016). The Court of Appeals in *McLeod v. Albanese* held:

> This Court is without jurisdiction to hear appeals of interlocutory orders unless the appellant has sought and obtained authority for such an interlocutory appeal pursuant to the provisions of Mississippi Rule of Appellate Procedure 5.

815 So. 2d 472, 474 (¶5) (Miss. Ct. App. 2002) (citing *City of Mound Bayou v. Johnson*, 562 So. 2d 1212, 1228 (Miss. 1990)). In this case, the written quick take order was entered on July 17, 2019. On July 29, 2019, the Johnsons filed their motion to reconsider. The court denied their motion on August 28, 2019. On September 27, 2019, the Johnsons appealed to the supreme court. There is no doubt that the appeal was not made pursuant to Rule 5. The

supreme court never entered an order authorizing an interlocutory appeal.[3]  Further, the Johnsons' appeal was not filed within twenty-one days of the order, as required by Rule 5. Therefore, since the appeal was not an interlocutory appeal authorized by the supreme court, this Court lacks jurisdiction.  *See Clausell v. Bourque*, 122 So. 3d 825, 827 (¶7) (Miss. Ct. App. 2013) (citing *Jackson v. Lowe*, 65 So. 3d 879, 881-82 (¶7) (Miss. Ct. App. 2011)); *Brown*, 188 So. 3d at 1177-78 (¶23).

## CONCLUSION

¶16.    In conclusion, this Court finds that the quick take order filed by the Adams County County Court was not a final, appealable order, as the issue of damages had not been litigated between the parties nor ruled on by the judge.  Further, the Johnsons did not appeal from a denial of a motion to dismiss pursuant to section 11-27-29(1).  Finally, this Court lacks jurisdiction because the Johnsons did not seek authority from the Mississippi Supreme Court to file an interlocutory appeal, nor was the appeal filed within twenty-one days as required by Mississippi Rule of Appellate Procedure 5(a).  Because this Court is without jurisdiction to hear this case, the other issues raised by the Johnsons need not be addressed.

¶17.    **APPEAL DISMISSED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**

---

[3] The supreme court did enter an order denying a motion to dismiss filed by Adams County alleging a violation of Mississippi Rule of Appellate Procedure 5.  There is no doubt the Johnsons did not seek authority to file their appeal under Rule 5.  They simply filed a notice of appeal on September 27, 2019, with the supreme court.